UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. SCHLAGENHAFT,

                Plaintiff,

v.                                            Case No. 18-cv-1541-pp

CHAPLIN KAREN,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

At the time he filed his complaint, the plaintiff was a Wisconsin pre-trial detainee in the Brown County Jail;[1] representing himself, he filed a complaint under 42 U.S.C. § 1983 alleging that the defendant, the chaplain at the jail, violated his civil rights. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for leave to proceed without prepaying the filing fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is

---

[1] The Wisconsin Department of Corrections inmate locator web site indicates that the plaintiff now is incarcerated at Columbia Correctional Institution. https://appsdoc.wi.gov/lop/detail.do.

1

that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 16, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $1.00. Dkt. No. 7. On December 26, 2018, the court received a letter from the plaintiff, explaining that he could not pay that amount. Dkt. No. 10. The court is satisfied that the plaintiff neither has the assets nor the means to pay. See 28 U.S.C. § 1915(b)(4). The court will waive the initial partial filing fee in this case. The plaintiff must pay the filing fee over time in the manner explained at the end of this order.

**II.     Screening the plaintiff's complaint**

   A.     Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain enough facts, accepted as true, that they make the complaint "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States and whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  The Plaintiff's Allegations

The plaintiff alleges that he was arrested on May 25, 2018, and that on June 17-18, 2018, he converted to Islam. Dkt. No. 1 at 2. The plaintiff says that on the day he converted—June 17, 2018—he asked to be placed on an Islamic diet. Id. at 2. The plaintiff explains that "because [he] recently converted to Islam and did not articulate the pillars of [his] faith as much as [the defendant] would have liked [him] to, she assumed [he] was seeking to abuse [his] right to a religious diet to get different, better, or more food." Id. at 2-3. The plaintiff claims that "[i]n retaliation," the defendant placed him on a "lacto-ovo diet," which "has no relevance to [his] faith." Id. at 3. The plaintiff says that the "lacto-ovo" diet is "nutritionally inadequate with undersized

3

portions and inadequate proteins such as soy, cheese, and undercooked beans that a body cannot digest." Id. For relief, he seeks monetary damages. Id. at 4.

C. The Court's Analysis

It sounds to the court as if the plaintiff is arguing that the defendant retaliated against him for trying to exercise his First Amendment right to practice his faith. "To establish a prima facie case of unlawful retaliation, a plaintiff must show '(1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action.' *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)." Douglas v. Reeves, Case No. 18-2588, 2020 WL 2781148, at *2 (July 7, 2020).

The plaintiff has a First Amendment right to observe his Islamic faith by asking for Halal meals. It also sounds as if the plaintiff did not like the ovo-lacto diet and did not find it nourishing, so it is possible that the defendant's act in placing the plaintiff on that diet was a deprivation that might deter him from asking for Halal meals in the future. Finally, the plaintiff says that the defendant put him on the ovo-lacto diet because he asked for Halal meals. While the plaintiff's allegations are not very detailed, the court finds that he has alleged enough at the pleading stage to state a claim for First Amendment retaliation.

Prisoners also have protections under Religious Land Use and Institutionalized Persons Act ("RLUIPA"). See Borkholder v. Lemmon, 983 F.

4

Supp. 2d 1013, 1016–17 (N.D. Ind. 2013) (citing Vinning–El v. Evans, 657 F.3d 591, 592–93 (7th Cir. 2011)). Under the First Amendment, "[a] prison may impose restrictions on the exercise of religion that are reasonably related to legitimate penological objectives, which includes safety, security, and economic concerns." Id. Under RLUIPA, the plaintiff must demonstrate that his religious exercise has been substantially burdened; the burden then shifts to the defendants to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. Id. (citing Nelson v. Miller, 570 F.3d 868, 877 (7th Cir. 2009)).

Although it is unclear how long the plaintiff went without Halal meals (he says the defendant denied him Halal meals when he asked on June 17, 2018, and he filed his complaint on October 1, 2018, but it is not clear whether he was denied Halal meals that whole time), the court will allow the plaintiff to proceed with a claim that the defendant placed an unreasonable and/or substantial burden on the plaintiff's ability to practice his religion under First Amendment and RLUIPA by refusing to provide them. Barfell v. Aramark Corr. Servs., No. 17-C-1567, 2019 WL 359487, at *1 (E.D. Wis. Jan. 29, 2019) (concluding that a five-day delay in receiving food that complied with an inmate's religion stated a claim under the First Amendment and RLUIPA). The plaintiff should be aware that "[a]lthough RLUIPA bars inquiry into whether a particular belief or practice is central to a prisoner's religion, . . . [it] does not preclude inquiry into the sincerity of a prisoner's professed religiosity." Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005) (internal quotation and citation

5

omitted). If the plaintiff's concern regarding soy, cheese, and beans "was rooted solely in concerns for his bodily health" (*i.e.*, that these foods are hard to digest), it "would not be protected by RLUIPA, or for that matter, the First Amendment." See Barfell v., 2019 WL 359487, at *1 (E.D. Wis. Jan. 29, 2019) (citing Kroger v. Bryan, 523 F.3d 789, 797 (7th Cir. 2008)).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$350** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on Chaplain Karen of the Brown County Jail under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it

6

Case 2:18-cv-01541-PP    Filed 07/14/20    Page 6 of 8    Document 14

has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** Chaplain Karen to file a responsive pleading to the complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will enter a separate order **REFERRING** this case to Magistrate William E. Duffin for pretrial proceedings.

Dated in Milwaukee, Wisconsin this 14th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**