# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL A. SCHLAGENHAFT,

        Plaintiff,

v.                                                                                 Case No.18-CV-1541

CHAPLAIN KAREN,

        Defendant.

## ORDER

       In a motion in which he references both this case and Case No. 18-cv-1542 (also before this court), Plaintiff Michael Schlagenhaft has moved for default judgment, or in the alternative, summary judgment, contending that there is a conflict of interest with defense counsel. (ECF No. 26.) In the future, Schlagenhaft must file separate motions for each case and cannot combine them into one motion that applies to both cases. The court will address the motion as if it were separately filed in each case.

       According to Schlagenhaft, a conflict of interest exists because the law firm representing the defendants "is representing both defendants from the same county the defendants work at, as a result, this is a conflict of interest due to the same workplace that the defendants currently work at." (*Id.* at 1.) Although it is not entirely clear, it appears that Schlagenhaft contends it is a conflict of interest for

the law firm representing the defendant in this lawsuit is to also represent the defendant in Case No. 18-cv-1542, both of whom work for Brown County, Wisconsin.

Schlagenhaft does not explain how defense counsel representing both defendants in his two cases impacts his ability to litigate either case or otherwise harms him. If a conflict of interest is presented by an attorney's representation of two clients, it is usually raised by one of the clients, explaining in what way counsel's representation of the other client impacts his ability to fully represent the first client. This concept informs the conflicts rules contained in Wisconsin Rules of Professional Conduct, codified at Wisconsin Supreme Court Rules 20:1.7, which applies in this court pursuant to General Local Rule 83(d)(1). Supreme Court Rule 20:1.7 states:

> (a) Except as provided in par. (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
> (b) Notwithstanding the existence of a concurrent conflict of interest under par. (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in a writing signed by the client.

Other than pointing out that the defendants in the two cases work for the same county, Schlagenhaft offers no evidence that any of the conditions outlined in SCR 20:1.7 exist between the two defendants. More importantly, even if he showed that such conditions existed, he still does not explain how that would affect him or either of his cases. Also, the remedy for a motion such as the one brought by Schlagenhaft would be disqualifying the law firm in one of the cases, not entering a default judgment or summary judgment.

Because Schlagenhaft fails to demonstrate how defense counsel's representation of both defendants impacts Schlagenhaft, and because his requested remedy is inappropriate, his motion is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Schlagenhaft's motion for default judgment, or in the alternative, for summary judgment (ECF No. 26) is **DENIED.**

Dated at Milwaukee, Wisconsin this 30th day of September, 2020.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge